**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ourpet's Co., | ) | CASE NO. 1:09 CV 00409 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Indipets, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Renewed Motion for Summary Judgment, and to Maintain Discovery Limitations Pending the Court's Decision (Doc. 27). For the reasons that follow, the motion for summary judgment is DENIED and the motion to maintain discovery limitations is MOOT.

### FACTS

Plaintiff, Ourpet's Company, brings this action against defendant, Indipets, Inc., alleging that defendant is infringing plaintiff's U.S. Design Patent No. D565,253 for a Pet Feeder with Non-Skid Lower Surface (hereinafter "the patent").

1

Plaintiff manufactures and sells pet feeder bowls. On November 27, 2006, the inventors of the pet feeder with the non-skid lower surface applied for the patent, and the United States Patent and Trademark Office issued the patent on March 25, 2008. Plaintiff is the assignee of the patent. Plaintiff provided this Court with a bowl (Kumar Deposition Exhibit 5) that it alleges to be the embodiment of the patent (hereinafter "plaintiff's bowl").

Defendant also sells pet feeder bowls. In February of 2005, defendant began offering for sale a stainless steel pet feeder bowl with a removable rubber ring around the base (hereinafter "removable rubber ring bowl"). This bowl has been provided to the Court by plaintiff. (Kumar Deposition Exhibit 2.) In 2009, defendant introduced to the market a stainless steel pet feeder bowl with a bonded rubber ring around the base (hereinafter "bonded rubber ring bowl"). Plaintiff has provided this bowl to the Court. (Kumar Deposition Exhibit 3.)

On February 23, 2009, plaintiff filed this action against defendant, claiming that defendant was infringing plaintiff's patent through defendant's sales of a bonded rubber ring bowl, but attached to its complaint as examples of infringing products pictures of defendant's *removable* rubber ring bowl. Plaintiff then amended its complaint with leave of the Court, claiming that defendant was infringing plaintiff's patent by offering for sale a bonded rubber ring bowl, and attaching pictures of the defendant's *bonded* rubber ring bowl.

The complaint contains two claims for relief. Count One of plaintiff's amended complaint is a claim for patent infringement under 35 U.S.C. § 271(a). Count Two is a claim for design patent infringement under 35 U.S.C. § 289. Defendant alleges two counterclaims. Count One is a claim for declaratory judgment of the patent's invalidity under the on-sale provision of 35 U.S.C. § 102(b). Count Two is a claim for patent misuse, unfair competition, and deceptive

trade practices.

Defendant now moves for summary judgment on patent invalidity under 35 U.S.C. § 102(b), alleging that defendant's removable rubber ring bowl anticipated the design claimed in the patent and was on sale more than one year before the inventors filed their application for the patent. Plaintiff opposes summary judgment on patent invalidity, claiming that there is a genuine issue of material fact as to whether the removable rubber ring bowl anticipated the claimed design.

**STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)). *See also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). A fact is material only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse

3

> party's response, by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is a genuine issue for
> trial. If the adverse party does not so respond, summary judgment,
> if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255). *See also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). When the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

**ANALYSIS**

**I.**     **Defendant's References to the Original Complaint**

Plaintiff argues that defendant erroneously relies upon plaintiff's original complaint in support of the motion for summary judgment. Upon review, the Court finds that although defendant did refer to the original complaint in describing the procedural history of this case,

4

defendant did not rely upon the original complaint in its arguments in support of patent invalidity. Defendant's arguments are appropriately based on plaintiff's amended complaint and defendant's amended answer and counterclaim.

## II.     Patent Invalidity

Patents are presumptively valid. *Group One, Ltd. v. Hallmark Cards, Inc.,* 254 F.3d 1041, 1045 (Fed. Cir. 2001). To prove that a patent is invalid under the on-sale provision of 35 U.S.C. § 102(b),[1] a challenger must prove by clear and convincing evidence that an article fully anticipating the claimed design was sold or offered for sale in this country more than one year before the patent application was filed, and the sale or offer to sell was primarily for profit rather than for experimental purposes. *Id.* at 1045-46; *Continental Plastic Containers v. Owens Brockway Plastic Products, Inc.,* 141 F.3d 1073, 1077 (Fed. Cir. 1998).

The parties do not dispute that the removable rubber ring bowl was offered for sale in the United States primarily for profit more than one year before the inventors applied for the patent. The parties dispute whether the removable rubber ring bowl anticipated the claimed design.

The design patent anticipation test is the same as the design patent infringement test, because "that which infringes, if later, would anticipate, if earlier." *Door-Master Corp. v. Yorktowne, Inc.,* 256 F.3d 1308, 1312 (Fed. Cir. 2001) (citing *Peters v. Active Mfg. Co.,* 129 U.S. 530, 537 (1889)). The design patent infringement test requires the court to first construe the claimed design and then compare the claimed design to the accused article. *Id.* (citing *OddzOn*

---

[1] The relevant portion of the statute states: "A person shall be entitled to a patent unless . . . (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b).

*Prods., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1404 (Fed. Cir. 1997)).  *See Egyptian Goddess, Inc., v. Swisa, Inc.,* 543 F.3d 665, 679 (Fed. Cir. 2008) (noting that the Federal Circuit "has held that trial courts have a duty to conduct claim construction in design patent cases").

### A. Claim Construction

Design patents, unlike utility patents, are generally claimed as shown in drawings. *Egyptian Goddess,* 543 F.3d at 679 (citing *Arminiak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.,* 501 F.3d 1314, 1319 (Fed. Cir. 2007)).  As "the drawings themselves are the claims to the patented subject matter," the construction of design patent claims is "limited to what is shown in the drawings."  *Hupp v. Siroflex of Am.,* 122 F.3d 1456, 1464 (Fed. Cir. 1997); *In re Mann,* 861 F.2d 1581, 1582 (Fed. Cir. 1988).  Thus, claim construction for design patents "is adapted accordingly."  *Egyptian Goddess,* 543 F.3d at 679.

 A district court's decision regarding the level of detail to be used in describing the claimed design is a matter within that court's discretion.  *Id.*  The trial court is not required to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents, if it does not regard verbal elaboration as necessary or helpful.  *Id.*  The Federal Circuit has also acknowledged that "[g]iven the recognized difficulties entailed in trying to describe a design in words, the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design."  *Id.*

In construing design patent claims, only the ornamental, or non-functional, features of the claimed design are appropriate bases for design patent protection.  *Door-Master Corp.,* 256 F.3d at 1312-13 (citing *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1123 (Fed. Cir. 1993)

("When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose.")). Moreover, design patent protection may not be based on generally concealed features. *Id.* at 1312.

Defendant proposes the following construction: (1) a rounded bowl with a flat bottom, with (2) a ring of non-skid material covering the area where the bottom meets the sides of the bowl, which ring (3) extends a small amount into the center of the bottom, and also extends a small amount up the sides of the bowl. Plaintiff does not propose any construction.

Upon review, the Court finds that a detailed verbal construction is unnecessary and unhelpful. The patent contains a single claim: "We claim the ornamental design for a pet feeder with non-skid lower surface, as shown and described." This claim is followed by a description of what is shown in the four figures that follow the description. The figures show a bowl with a ring around the base of the bowl that extends a small amount up the sides of the bowl and a small amount onto the bottom of the bowl. The figures illustrate the claimed design as seen from the front and sides, the bottom, and the interior of the bowl. The design is not complicated and is easily understood by viewing the drawings. The Court thus construes the patent as "a pet feeder with a ring of non-skid material around the base as shown in Figure 1 through Figure 4 of the patent."

### B. Comparison

For an article to anticipate a claimed design, the article must be substantially the same as the claimed design. *Door-Master Corp.,* 256 F.3d at 1313 (citing *Gorham Co. v. White,* 81 U.S. 511, 528 (1871)). The two designs must appear the same to an ordinary observer, as articulated by the Supreme Court:

7

> "If, in the eye of an ordinary observer, giving such attention as a
> purchaser usually gives, two designs are substantially the same, if
> the resemblance is such as to deceive such an observer, inducing
> him to purchase one supposing it to be the other, the first one
> patented is infringed by the other."

*Gorham Co.*, 81 U.S. at 528. When comparing the article to the claimed design, the focus is on the overall appearance of the claimed design, and not on particular ornamental features. *Elmer v. ICC Fabricating,* 67 F.3d 1571, 1578 (Fed. Cir. 1995). To be substantially the same, the two designs need not be exactly identical, but must have "sameness of effect upon the eye." *Gorham Co.,* 81 U.S. at 527. Thus, "mere differences of lines in the drawing or sketch . . . or slight variances in configuration . . . will not destroy the substantial identity." *Id.* at 527. Moreover, "when no significant distinction in design has been shown between the patent drawing and its physical embodiment, it is not error for the court to view them both, and compare the embodiment of the patented design with the accused devices." *Lee v. Dayton-Hudson Corp.,* 838 F.2d 1136, 1189 (Fed. Cir. 1988).

Defendant presents a series of pictures that compare the removable rubber ring bowl with the figure drawings from the patent. Each figure is shown side-by-side with the removable rubber ring bowl photographed from the same angle from which each figure is drawn. Defendant further alleges that the removable rubber ring bowls are "identical in all material respects to the claimed design– they are rounded bowls with flat bottoms, with rings of non-skid material covering the area where the bottom meets the sides of the bowl, with the rings extending a small amount into the center of the bottom of the bowls, and a small amount up the sides of the bowls." Defendant further points out in the facts section of its brief that "no precision or specificity is provided with respect to how far into the center of the bowl or up the

sides of the bowl the non-skid material must extend to be covered by the patent's claim."

Plaintiff argues that the appearance of the removable rubber ring bowl is different from the claimed design. Plaintiff offers the affidavit of Dr. Steven Tsengas, the CEO of OurPets, in support of its objection to summary judgment. Dr. Tsengas acknowledges that the removable rubber ring bowl has a non-skid base, but states that the appearance of the bowl is not the same as plaintiff's claimed design. He alleges that the most obvious differences between the two bowls are that the removable rubber ring bowl has a rubber ring that is over twice as high as the ring on plaintiff's bowl of comparable size, and that the removable rubber ring bowl has an interior bezel on the bottom inner circumference of the bowl, a feature that is not found on plaintiff's bowl.

Defendant replies that it is reversible error to compare the removable rubber ring bowl to plaintiff's bowl instead of to the claimed design. Defendant also argues that the size, height, and shape of the rubber ring around the base of the removable rubber ring bowl and the interior bezel are minor differences that do not affect the overall design of the product and thus do not prevent a finding of anticipation.

As to the rubber ring, defendant argues that plaintiff is attempting to inject limitations into the claimed design that do not exist, because the patent does not dictate a specific height for the rubber ring. Defendant also maintains that although plaintiff's comparison of the removable rubber ring bowl to plaintiff's bowl is erroneous, under plaintiff's argument, plaintiff's own bowl would not embody the claimed design, because the non-skid ring on plaintiff's bowl extends much higher than the ring on the claimed design when the height of the ring is compared to the height of the bowl. As to the bezel, defendant argues that the bezel is not a proper aspect

9

for the comparison because the bezel is generally concealed and is a functional, as opposed to ornamental, aspect of the design.  Defendant also argues that Figure 3 of the patent "could represent" a bezel at the bottom of the bowl.

Upon review of the evidence in the light most favorable to the non-movant, the Court finds that it cannot say as a matter of law that, in the eye of an ordinary observer, the removable rubber ring bowl and the claimed design have substantially the same design.  The Court has compared defendant's removable rubber ring bowl to the claimed design.  Finding no significant distinction between the claimed design and plaintiff's bowl, the Court has also compared plaintiff's bowl with the removable rubber ring bowl.  *See Lee,* 838 F.2d at 1189.  Defendant's removable rubber ring bowl and the claimed design have many particular features in common: they are round bowls with flat bottoms that have a ring of non-skid material around the base of the bowl.  But when the Court compares the overall appearance of the removable rubber ring bowl to the claimed design, the Court finds that a reasonable jury could find that the overall appearance is different.

While there is nothing in the patent that dictates a specific height of the non-skid ring, the figures of the claimed design do indicate a certain proportion of the height of the rubber ring to the height of the bowl.  This proportion, unlike the overall size or volume of the bowl which is not discernible from a drawing, must be considered because "the drawings themselves are the claims to the patented subject matter." *Hupp,* 122 F.3d at 1464.  *See Lee,* 838 F.2d at 1188 (finding that the district court "correctly viewed the design aspects of the accused devices" including, *inter alia,* the proportions of the devices).  This proportion need not be exact for an article to be an embodiment of a claimed design, as "mere differences of lines in the drawing or

10

sketch . . . or slight variances in configuration . . . will not destroy the substantial identity." *Gorham Co.,* 81 U.S. at 527.  The proportion does, however, need to be similar enough for the claimed design and the accused article to have the same overall appearance in the eye of an ordinary observer for the Court to find anticipation.  The non-skid ring on the removable rubber ring bowl extends proportionally much higher up the side of the bowl and further into the center of the bottom of the bowl than on the claimed design.

The defendant argues that the bezel, which is not found on plaintiff's bowl, is a generally concealed feature and not an appropriate basis for comparison, but the bezel is clearly visible when viewing the interior of the bowl and is thus not concealed.  Defendant also argues that the bezel is a functional, not ornamental, aspect of the design because it "permits attachment of the removable rubber ring to the outside of the bowl" and should not be an aspect of comparison.  Defendant, however, provides no support that this bezel is the only configuration that could perform the function of permitting the rubber ring to attach to the bowl, and thus the Court cannot find that this aspect of the design is solely functional as opposed to ornamental.  *See Doormaster Corp.,* 256 F.3d at 1313; *L.A. Gear, Inc.,* 988 F.2d at 1123 ("When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve an ornamental purpose.").  Finally, defendant briefly argues that Figure 3 of the patent "could represent" an interior bezel in the claimed design.  Viewing the evidence in the light most favorable to the non-movant, the Court finds that defendant has not shown for purposes of summary judgment that the claimed design includes an interior bezel.

The proportion of the non-skid ring and the presence of the interior bezel contribute to the overall appearance of the removable rubber ring bowl.  A reasonable jury could find that to

an ordinary observer, the overall appearance of defendant's removable rubber ring bowl and the claimed design are not substantially the same.

The Court finds that the defendant has not met its burden of proving that defendant's removable rubber ring bowl fully anticipated the claimed design, and thus the defendant's motion for summary judgment is denied.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Summary Judgment of Patent Invalidity is DENIED.  Therefore, defendant's Request for Costs and Fees is DENIED. Defendant's Motion to Maintain Discovery Limitations is MOOT.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 8/28/09