**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ourpet's Company, Inc.,** | ) | **CASE NO. 1:09 CV 00409** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Indipets, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 43) and plaintiff's Motion for Preliminary Injunction (Doc. 24). This is a patent dispute. For the reasons that follow, defendant's Motion to Dismiss is DENIED and plaintiff's Motion for Preliminary Injunction is GRANTED.

**FACTS**

Plaintiff, Ourpet's Company, brings this action against defendant, Indipets, Inc., alleging that defendant is infringing plaintiff's U.S. Design Patent No. D565,253 for a Pet Feeder with Non-Skid Lower Surface (hereinafter "the patent"). Plaintiff manufactures and sells pet feeder

1

bowls.  On November 27, 2006, the inventors of the pet feeder with the non-skid lower surface applied for the patent, and the United States Patent and Trademark Office issued the patent on March 25, 2008.  Plaintiff is the assignee of the patent.

Defendant also sells pet feeder bowls.  In 2009, defendant introduced to the market a stainless steel pet feeder bowl with a bonded rubber ring around the base.  Plaintiff then filed this action against defendant claiming that defendant was infringing plaintiff's patent by offering for sale the bonded rubber ring bowl.

The amended complaint contains two claims for relief.  Count One of plaintiff's amended complaint is a claim for patent infringement under 35 U.S.C. § 271(a).  Count Two is a claim for design patent infringement under 35 U.S.C. § 289.  Defendant alleges two counterclaims.  Count One is a claim for declaratory judgment of the patent's invalidity under the on-sale provision of 35 U.S.C. § 102(b).  Count Two is a claim for patent misuse, unfair competition, and deceptive trade practices.  The Court denied summary judgment on Count One of defendant's counterclaim.  Defendant now moves to dismiss the amended complaint for lack of subject matter jurisdiction, which plaintiff opposes.  Plaintiff moves for a preliminary injunction, which defendant opposes.

### **ANALYSIS**

**A.    Motion to Dismiss**

Defendant moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that no case or controversy exists and the Court therefore lacks subject matter jurisdiction over this dispute.  Defendant bases this argument on defendant's representation, through an affidavit of defendant's president, that defendant has not sold any accused product in

the United States to date, and defendant "has pulled the Accused Dishes from the U.S. market, and hereby agrees not to make, use, offer for sale, or sell the Accused Dishes in the U.S., or import them into the U.S., during the term of the '253 Patent." (Def. Ex. A. ¶¶ 3-4.)

Plaintiff responds that defendant's promise not to sell or offer for sale is extrajudicial and offers no protection against future infringement, nor does it remedy the infringement that has already occurred.

Upon review, the Court finds that defendant's motion must be denied. Defendant cites no law supporting dismissal based upon an accused infringer's promise not to sell the accused product in the future, and defendant filed no reply to plaintiff's opposition. The Court agrees with plaintiff that defendant's promise not to sell or offer for sale its bowl in the future does not remedy any infringement that may have already occurred if defendant is found to have offered for sale a bowl that infringes plaintiff's bowl. Accordingly, a case or controversy still exists, and the Court has subject-matter jurisdiction over this case. Defendant's motion to dismiss is thus denied.

**B.    Motion for Preliminary Injunction**

A district court has the authority to issue a preliminary injunction pursuant to 35 U.S.C. § 283. The court bases its decision to grant or deny a preliminary injunction on four factors: (1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest. *PGH Techs., LLC v. St. John Cos., Inc.,* 469 F.3d 1361, 1365 (Fed. Cir. 2006). To establish likelihood of success on the merits, a patentee must show a likelihood that defendant infringes the patentee's patent. To defeat an injunction on the grounds of potential invalidity, however, the

party bearing the burden of proof on that issue at trial must establish a substantial question of invalidity. *Id.* If a patentee makes a strong showing of likely infringement of a valid and enforceable patent, then the district court should presume irreparable harm. *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.,* 429 F.3d 1363, 1381 (Fed. Cir. 2005).

Plaintiff argues that the appearance of defendant's bowl is the same as plaintiff's bowl, and thus plaintiff is likely to prevail on the merits. Plaintiff further argues that irreparable harm should be presumed because plaintiff is likely to prevail on the merits, it is in the public interest to protect patents from infringement, and the balance of the hardships between the parties favors plaintiff because defendant has yet to make any sales of the allegedly infringing bowl.

Defendant responds that plaintiff's motion has been rendered moot by defendant's representation that it has pulled its bowls from the market and by its promise not to make, use, offer for sale, or sell the bowls in the U.S. during the term of the patent. Defendant cites no law in support of its argument that such a promise renders a motion for preliminary injunction moot.

Upon review, the Court finds that plaintiff's motion is unopposed on the merits. Accordingly, plaintiff's motion for preliminary injunction is granted.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss is DENIED and plaintiff's Motion for Preliminary Injunction is GRANTED.

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan  
                                       PATRICIA A. GAUGHAN  
                                       United States District Judge

Dated: 11/3/09